1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  ARCH INSURANCE COMPANY, a        )   1:08-cv-0213 OWW GSA
   Missouri corporation,           )
10                                  )   SCHEDULING CONFERENCE ORDER
                        Plaintiff,  )
11                                  )   Discovery Cut-Off: 10/1/08
        v.                          )
12                                  )   Non-Dispositive Motion
   AEROPLATE CORPORATION, a         )   Filing Deadline: 10/15/08
13 California corporation; JOHN D.  )
   CRAIG, an individual; WENDY      )   Dispositive Motion Filing
14 WILLIAMS KESSLER, an individual; )   Deadline: 10/31/08
   and MARY WILLIAMS, an            )
15 individual,                      )   Settlement Conference Date:
                                    )   10/15/08 10:00 Ctrm. 10
16                     Defendants.  )
                                    )   Pre-Trial Conference
17 _____)   Date: 1/5/09 11:00 Ctrm. 3

18                                      Trial Date: 1/27/09 9:00
                                        Ctrm. 3 (JT-3 days)
19

20

21 I.   Date of Scheduling Conference.

22      May 14, 2008.

23 II.  Appearances Of Counsel.

24      Wilson, Elser, Moskowitz, Edelman & Dicker LLP by John J.

25 Immordino, Esq., appeared on behalf of Plaintiff.

26      Bruckner & Walker by William L. Bruckner, Esq., appeared on

27 behalf of Defendants.

28 ///

                               1

**III.   Summary of Pleadings.**

   **Plaintiff's Summary:**

   1.   Plaintiff, Arch Insurance Company ("Arch") is a surety, providing contractors in the State of California, and elsewhere, with the requisite contract surety bonds for public works construction bidding and performance.  Defendant, Aeroplate Corporation ("Aeroplate") is a building contractor engaged primarily in federal public works construction.

   2.   This action is for the recovery of losses incurred by Arch as a result of issuing bonds to Aeroplate for two federal construction projects.  One was a bid bond for a national guard hangar project in Fresno, California, and the other were contract bonds (both performance and payment) for the renovation and additions to an EPA facility in Port Orchard, Washington.  In consideration of, and prior to, the execution of those bonds, Defendants, Aeroplate, John D. Craig, Mary Williams and Wendy Williams Kessler signed a General Indemnity Agreement by which they promised to indemnify and hold harmless Arch from "any and all Loss sustained or incurred by reason of having executed any and all Bonds."

   3.   As regards the EPA project in Port Orchard, Washington, Arch received claims on its payment bond from three of Aeroplate's subcontractors and one of its material suppliers. All claimants filed suit.  Three of the four lawsuits were settled by Aeroplate prior to trial, and one was litigated through trial, the claimant obtaining judgment against both Aeroplate and Arch.  Arch incurred a claim loss of $445,000 and attorney fees and expenses of $91,225.00, on the claim upon which

2

judgment was obtained.  As regards the three lawsuits which were ultimately settled, Arch incurred attorney fees and expenses of $23,160.49.  Although Aeroplate requested that Arch tender its defense of the payment bond claims to it, Arch declined based upon the fact that Aeroplate refused to provide collateral requested by Arch and the fact that Aeroplate had sued Arch.

4.  As regards the national guard hangar project in Fresno, California, Arch issued a bid bond for use by Aeroplate to submit with its bid to the owner.  However, Aeroplate submitted a bid which was in excess of the amount that Arch had authorized - Arch had authorized a maximum bid of $5.5 million and Aeroplate submitted a bid of over $7 million.  Arch notified the owner that its bid bond had been submitted with a bid in excess of that which was authorized by Arch and further advised that it would not issue the final contract bonds, should the contract be awarded to Aeroplate.  Arch also made demand upon Aeroplate to withdraw its bid, but Aeroplate refused.  The owner declined to award the contract to Aeroplate, declaring the bid non-responsive.  Aeroplate then filed suit against the Government in the Court of Federal Claims ("bid protest proceeding") obtaining an order that the Government improperly rejected Aeroplate's bid, and an injunction preventing the Government from awarding the contract to another contractor.  The government ultimately awarded the contract to Aeroplate.  Aeroplate then filed suit against Arch for interference with prospective economic advantage ("Aeroplate Action").  In connection with both the bid protest proceeding and the Aeroplate Action, Arch incurred attorneys fees and expenses of $174,452.76.  Arch prevailed on its motion for

1  summary judgment in the Aeroplate Action resulting in a judgment
2  issued in favor of Arch and against Aeroplate.

3      5.   Arch contends that the fees and expenses incurred in
4  connection with both the bid protest proceeding and the action by
5  Aeroplate against Arch are recoverable under the terms of the
6  indemnity agreement as they involved the bid bond issued by Arch.
7  Arch also contends that the attorney fees and expenses incurred
8  in the defense of the claims on the payment bond for the EPA
9  project, as well as the claim payment of $445,000.00, are
10 recoverable under the terms of the indemnity agreement.  Finally,
11 Arch seeks the attorney fees and expenses incurred in the
12 prosecution of the instant action all of which are expressly
13 recoverable under the terms of the indemnity agreement.

14     **Defendant's Summary**:

15     6.   For a period of more than 90 days prior to Arch filing
16 this Complaint, Aeroplate repeatedly stated that it strongly
17 desires to amicably resolve the matters pled in the referenced
18 Complaint.  That said, Aeroplate does not desire to compensate
19 Arch for fees, costs and payments made by Arch as a "volunteer,"
20 nor in defending cases unrelated to "bond" issues, nor in paying
21 attorneys fees and costs that are clearly excessive to the issues
22 litigated and Arch's voluntary participation.  Aeroplate's
23 written requests for a detailed accounting and for specific legal
24 authority have not been responded to.  Arch has cited general
25 surety law that does not apply to the costs at issue and has
26 never provided a detailed accounting with supporting documents.

27     7.   Aeroplate has repeatedly (in at least three separate
28 letters to Arch) requested a detailed accounting of all costs

**4**

incurred by Arch and for the legal authority allowing Arch to claim for attorneys' fees related to the Aeroplate v. Arch tort case.  No legal authority or accounting has been provided.  It is clear that the Aeroplate/Arch Indemnity Agreement is not broad enough to cover disputes between the parties related to the claims made by Aeroplate against Arch.  Arch has never provided any authority related to disputes between the parties on a tort claim due to the actions of Arch.  Arch did not prevail on its defenses to the action which would have allowed Arch to collect attorneys' fees.

8.    Arch alleges it has incurred $174,452.76 in attorneys' fees and costs on the Fang matter.  Because Arch has never explained the basis for incurring the legal fees pled in the Complaint, Aeroplate is under the assumption that these fees were incurred as a result of a case filed against the United States regarding the rejection of Aeroplate's bid bond.  Arch was not a named party, did not file an interpleader, was not a third-party complainant, did not file any briefs, and, except in the gallery, did not participate in the trial.  The amount of attorneys' fees appears excessive and Arch has no legal basis for incurring the fees.  Arch was a mere witness to the transaction between the United States and Aeroplate.  Finally, Aeroplate was the prevailing party and therefore Arch would have no legal or statutory authority for claiming fees.  For Aeroplate to agree to these costs Arch must provide the legal basis for incurring the fees, the legal authority, other than just general law on indemnity, for Arch to be indemnified by Aeroplate, and provide Aeroplate copies of the fee statements.

1    9.    On the EPA matter, Arch has incurred $114,385.80 in

2  fees and costs.  Aeroplate repeatedly requested that Arch tender

3  the defense of the EPA claims to Aeroplate.  Arch refused to

4  tender the defense to Aeroplate.  Of the four Miller Act cases

5  related to EPA, Aeroplate settled three cases on extremely good

6  terms and paid the subcontractors completely without the

7  assistance of Arch.  Arch did not, in any manner except to file

8  its own Answer, assist Aeroplate in resolving the three settled

9  cases.  Arch participated with Aeroplate in defense of the ISEC

10 case, including paying, without the approval or knowledge of

11 Aeroplate, a partial satisfaction of judgment.

12   10.    Arch paid ISEC $445,000 in partial satisfaction of the

13 judgment against Aeroplate.  This amount was paid by Arch without

14 the approval or knowledge of Aeroplate.  The amount was paid

15 before judgment was entered.  Of that amount the Court opined

16 that $185,000 was owed by Aeroplate, severally, and the remainder

17 against Aeroplate and Arch, jointly.  Aeroplate requested Arch

18 join Aeroplate in requesting the judgment be corrected and Arch

19 responded with threatening Aeroplate with sanctions if Aeroplate

20 attempted to correct the ISEC judgment.  Arch argued that the

21 judgment was correct.  Thereafter, Aeroplate paid the amount

22 remaining after the partial satisfaction of judgment.  It appears

23 as to the $185,000 that Arch was a volunteer.  For Aeroplate to

24 agree to these costs, Arch must provide the legal basis for

25 incurring the fees, the legal authority, other than just general

26 law on indemnity, for Arch to be indemnified by Aeroplate, and

27 provide Aeroplate copies of the fee statements.

28   11.    On this action Arch requests Aeroplate indemnify Arch

1  in the amount of $13,896.26.  Prior to Arch filing the Complaint

2  initiating this action, Aeroplate repeatedly requested a meeting

3  with Arch to amicably resolve all disputes between the parties.

4  Aeroplate repeatedly indicated that it strongly desired to settle

5  its disputes without litigation.  Although no statute needed

6  protection, Arch filed its Complaint approximately two weeks

7  before the first settlement meeting with Aeroplate.  The amount

8  of the fees is incredulous enough, since there has been only one

9  meeting and one Complaint drafted and filed, but with Aeroplate's

10  representations of settlement there was no requirement to file

11  any action against Aeroplate.  Further Arch has not responded to

12  Aeroplate's requests for a detailed accounting with an accounting

13  of the fees and costs it allegedly incurred.

14  IV.  Orders Re Amendments To Pleadings.

15      1.  The parties do not presently contemplate amending the

16  pleadings.

17  V.  Factual Summary.

18      A.  Admitted Facts Which Are Deemed Proven Without Further

19  Proceedings.

20          1.  Aeroplate is a California corporation qualified to

21  do business in California.  Arch is a Missouri corporation

22  authorized to transact surety business in the State of

23  California.

24          2.  The Defendants executed the General Indemnity

25  Agreement on or about the date it bears.  Arch issued both a

26  performance bond and a payment bond numbered SU 100 9529,

27  pursuant to The Miller Act, 40 U.S.C. Section 3131 ("Miller Act

28  Bond"), as required by the terms of Aeroplate's contract with the

7

1   Environmental Protection Agency ("EPA") for the construction of a

2   project for the EPA's Manchester Lab located in Port Orchard,

3   Washington.  ISEC, as a subcontractor, entered into an agreement

4   with Aeroplate whereby ISEC agreed to provide laboratory hoods

5   fittings and fixtures for the EPA Project and Aeroplate agreed to

6   pay ISEC for its work.  ISEC subsequently asserted a claim

7   against the Miller Act Bond due to Aeroplate's failure and

8   refusal to pay ISEC sums allegedly due and owing to ISEC.

9           4.   Aeroplate disputed ISEC's claim.

10          5.   ISEC then filed a lawsuit against Aeroplate and Arch,

11  entitled *United States for Use and Benefit of ISEC, Inc. v.*

12  *Aeroplate and Arch*, United States District Court, Central

13  District of California, Case No. SACV06-507 VBF, ("ISEC Action").

14          6.   Following a trial on the merits, judgment was entered

15  in favor of ISEC and against Aeroplate and Arch.  Arch paid

16  $445,000 in partial satisfaction of the judgment.  McGill Airflow

17  LLC ("McGill") entered into an agreement with Aeroplate whereby

18  McGill agreed to provide materials used to install exhaust and

19  supply duct systems on the EPA Project ("McGill Agreement").

20          7.   McGill subsequently asserted a claim against the Miller

21  Act Bond due to Aeroplate's failure and refusal to pay McGill

22  sums allegedly due and owing to McGill under the McGill

23  Agreement.

24          8.   Aeroplate disputed McGill's claim.

25          9.   McGill then filed a lawsuit against Aeroplate and Arch,

26  entitled *United States of America ex rel. United McGill Corp. and*

27  *McGill Airflow, LLC v. Aeroplate and Arch*, United States District

28  Court, Western District of Washington at Tacoma, Case No. C06-

8

1  54984FJ, ("McGill Action").

2     10.   Aeroplate subsequently settled the McGill Action.
3  Coast Mechanical Insulation ("Coast Mechanical") entered into an
4  agreement with Aeroplate whereby Coast Mechanical agreed to
5  provide materials and/or labor for use on the EPA Project ("Coast
6  Mechanical Agreement").

7     11.   Coast Mechanical subsequently asserted a claim against
8  the Miller Act Bond due to Aeroplate's failure and refusal to pay
9  Coast Mechanical sums allegedly due and owing under the Coast
10 Mechanical Agreement.

11    12.   Aeroplate disputed Coast Mechanical's claim.

12    13.   Coast Mechanical then filed a lawsuit against Aeroplate
13 and Arch, entitled *United States for the use and benefit of Coast*
14 *Mechanical Insulation v. Aeroplate and Arch*, United States
15 District Court for the District of Washington - Seattle, Case No.
16 C07-0054JPD, ("Coast Mechanical Action").

17    14.   Aeroplate subsequently settled the Coast Mechanical
18 Action.

19    15.   Western MacArthur Co. ("Western MacArthur") entered
20 into an agreement with Aeroplate and/or Coast Mechanical whereby
21 Western MacArthur agreed to provide materials and/or labor for
22 use on the EPA Project ("Western MacArthur Agreement").

23    16.   Western MacArthur subsequently asserted a claim against
24 the Miller Act Bond due to Aeroplate's failure and refusal to
25 facilitate payment to "Western MacArthur for sums allegedly due
26 and owing under the Western MacArthur Agreement.

27    17.   Aeroplate subsequently settled the Western MacArthur
28 claim, payment was ultimately made to Western MacArthur and the

1   claim was resolved.  Arch has incurred the sums it claims as

2   damages in this action but recoverability remains uncontested.

3         B.    Contested Facts.

4               1.    All remaining facts are contested, including the

5   amount of damages claimed.

6   VI.  Legal Issues.

7         A.    Uncontested.

8               1.    Jurisdiction exists under 28 U.S.C. § 1332.

9               2.    Venue is proper under 28 U.S.C. § 1392.

10              3.    The parties agree that the substantive law of the

11  State of California provides the rule of decision in this

12  diversity action.

13        B.    Contested.

14              1.    All remaining legal issues are disputed, including

15  liability, nature and extent of any damages.

16  VII. Consent to Magistrate Judge Jurisdiction.

17              1.    The parties have not consented to transfer the

18  case to the Magistrate Judge for all purposes, including trial.

19  VIII.      Corporate Identification Statement.

20              1.    Any nongovernmental corporate party to any action in

21  this court shall file a statement identifying all its parent

22  corporations and listing any entity that owns 10% or more of the

23  party's equity securities.  A party shall file the statement with

24  its initial pleading filed in this court and shall supplement the

25  statement within a reasonable time of any change in the

26  information.

27  IX.  Discovery Plan and Cut-Off Date.

28              1.    The parties have made their Rule 26(a) disclosures.

2.    The parties do not propose changes to limitations on discovery.

3.    The parties are ordered to complete all discovery on or before October 1, 2008.

4.    The parties are directed to disclose all expert witnesses, in writing, on or before August 1, 2008.  Any supplemental expert disclosures will be made on or before September 1, 2008.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

5.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.    Pre-Trial Motion Schedule.

1.    All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before October 15, 2008, and heard on November 21, 2008, at 9:00 a.m. before Magistrate Judge Gary S. Austin in Courtroom 10.

2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time

1  pursuant to Local Rule 142(d).  However, if counsel does not
2  obtain an order shortening time, the notice of motion must comply
3  with Local Rule 251.

4      3.    All Dispositive Pre-Trial Motions are to be
5  filed no later than October 31, 2008, and will be heard on
6  December 8, 2008, at 10:00 a.m. before the Honorable Oliver W.
7  Wanger, United States District Judge, in Courtroom 3, 7th Floor.
8  In scheduling such motions, counsel shall comply with Local Rule
9  230.

10  XI.  Pre-Trial Conference Date.

11      1.    January 5, 2009, at 11:00 a.m. in Courtroom 3, 7th
12  Floor, before the Honorable Oliver W. Wanger, United States
13  District Judge.

14      2.    The parties are ordered to file a Joint Pre-
15  Trial Statement pursuant to Local Rule 281(a)(2).

16      3.    Counsel's attention is directed to Rules 281
17  and 282 of the Local Rules of Practice for the Eastern District
18  of California, as to the obligations of counsel in preparing for
19  the pre-trial conference.  The Court will insist upon strict
20  compliance with those rules.

21  XII. Trial Date.

22      1.    January 27, 2009, at the hour of 9:00 a.m. in Courtroom
23  3, 7th Floor, before the Honorable Oliver W. Wanger, United
24  States District Judge.

25      2.    This is a jury trial.

26      3.    Counsels' Estimate Of Trial Time:

27          a.    3 days.

28      4.    Counsels' attention is directed to Local Rules

12

1   of Practice for the Eastern District of California, Rule 285.

2   XIII.      Settlement Conference.

3       1.    A Settlement Conference is scheduled for October 15,

4   2008, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S.

5   Austin, United States Magistrate Judge.

6       2.    Unless otherwise permitted in advance by the

7   Court, the attorneys who will try the case shall appear at the

8   Settlement Conference with the parties and the person or persons

9   having full authority to negotiate and settle the case on any

10  terms at the conference.

11      3.    Permission for a party [not attorney] to attend

12  by telephone may be granted upon request, by letter, with a copy

13  to the other parties, if the party [not attorney] lives and works

14  outside the Eastern District of California, and attendance in

15  person would constitute a hardship.  If telephone attendance is

16  allowed, the party must be immediately available throughout the

17  conference until excused regardless of time zone differences.

18  Any other special arrangements desired in cases where settlement

19  authority rests with a governing body, shall also be proposed in

20  advance by letter copied to all other parties.

21      4.    Confidential Settlement Conference Statement.

22  At least five (5) days prior to the Settlement Conference the

23  parties shall submit, directly to the Magistrate Judge's

24  chambers, a confidential settlement conference statement.  The

25  statement should not be filed with the Clerk of the Court nor

26  served on any other party.  Each statement shall be clearly

27  marked "confidential" with the date and time of the Settlement

28  Conference indicated prominently thereon.  Counsel are urged to

1  request the return of their statements if settlement is not

2  achieved and if such a request is not made the Court will dispose

3  of the statement.

4       5.    The Confidential Settlement Conference

5  Statement shall include the following:

6            a.    A brief statement of the facts of the

7  case.

8            b.    A brief statement of the claims and

9  defenses, i.e., statutory or other grounds upon which the claims

10  are founded; a forthright evaluation of the parties' likelihood

11  of prevailing on the claims and defenses; and a description of

12  the major issues in dispute.

13           c.    A summary of the proceedings to date.

14           d.    An estimate of the cost and time to be

15  expended for further discovery, pre-trial and trial.

16           e.    The relief sought.

17           f.    The parties' position on settlement,

18  including present demands and offers and a history of past

19  settlement discussions, offers and demands.

20  XIV. Request For Bifurcation, Appointment Of Special Master,

21  Or Other Techniques To Shorten Trial.

22       1.    None.

23  XV.  Related Matters Pending.

24       1.    There are no related matters.

25  XVI. Compliance With Federal Procedure.

26       1.    The Court requires compliance with the Federal

27  Rules of Civil Procedure and the Local Rules of Practice for the

28  Eastern District of California.  To aid the court in the

efficient administration of this case, all counsel are directed
to familiarize themselves with the Federal Rules of Civil
Procedure and the Local Rules of Practice of the Eastern District
of California, and keep abreast of any amendments thereto.

XVII.      Effect Of This Order.

　　1.   The foregoing order represents the best
estimate of the court and counsel as to the agenda most suitable
to bring this case to resolution.   The trial date reserved is
specifically reserved for this case.   If the parties determine at
any time that the schedule outlined in this order cannot be met,
counsel are ordered to notify the court immediately of that fact
so that adjustments may be made, either by stipulation or by
subsequent scheduling conference.

　　2.   Stipulations extending the deadlines contained
herein will not be considered unless they are accompanied by
affidavits or declarations, and where appropriate attached
exhibits, which establish good cause for granting the relief
requested.

　　3.   Failure to comply with this order may result in
the imposition of sanctions.


IT IS SO ORDERED.

Dated:   __May 17, 2008__                    _____/s/ Oliver W. Wanger_____
                                             UNITED STATES DISTRICT JUDGE